By the Court.—Sedgwick, Ch., J.
The facts of the case were that while one car of the defendants was at stand, its conductor kicked at the plaintiff who was upon its platform. To prevent the kick reaching his body the boy by one jump, jumped into the middle of the up-town tracks. As he touched the ground he was knocked down by the horses of a car going up-town. The jury might have found that these horses were going at a great and unusual speed.
The complaint did not charge negligence in general or specifically in respect of the kick .and its effects. It confined the negligence charged to the following matter, “ that while the plaintiff herein, in a careful and orderly manner and with full and lawful right was passing along a public highway etc., to wit, etc., he was struck and knocked down by the horses, attached to one of the cars belonging to the defendant.”
I am of opinion, that while negligence may be predicated of a dangerous rate of travel, ordinary caution and care call for the regulation of the speed and the control of the horses in reference to persons, that ordinary prevision may or should anticipate may be endangered. If the danger arises from the sudden and unexpected and not to be anticipated presence of a person before the horses, I do not think that any rate of- speed is negligent.
In this case, the proof was that the plaintiff by his bound came to the ground, at once in the middle of the up-town track, where ordinary prudence and calcula *284 tion on the part of the driver of the horses, that did the damage, could not suggest that the plaintiff would be. It is only a matter of conjecture as to what would have happened if the boy had stepped from the platform of the car and before he went upon the up-town track, first went to the space by the side of that track where he could have been seen by the driver of the horses that knocked the plaintiff down.
I am of opinion, that the driver in regulating the speed was not called upon to suppose the occurrence of the unusual, and in this particular, exceptional facts, that preceded the plaintiff’s jumping before the horses.
I am of opinion that the judgment and order appealed from should be affirmed with costs.
Freedman and Truax, JJ., concurred.